# Edwards *v.* Edwards.

## *Bill for Divorce.*

1. *Alimony, permanent and temporary; counsel fees, and costs.*—On bill for divorce by the husband, on the ground of abandonment (Code of 1876, § 2685), after a divorce had been refused to the wife on a former suit; the divorce having been granted, and the wife appealing from the decree as to alimony, counsel fees, and costs; this court, modifying the chancellor's decree, allows $50 as temporary alimony, $50 as counsel fees, $60 *per annum* as permanent alimony, payable semi-annually, and subject to alteration by the chancellor, and divides the costs accruing on the petition equally between the parties, it being considered by the court, that the entire blame does not rest on the wife.

APPEAL from Choctaw Chancery Court.
Heard before Hon. THOS. W. COLEMAN.
The bill was filed by the husband, Edwards, and sought a

divorce *a vinculo* on the sole ground of abandonment by the wife. The wife answered, denying that the abandonment was voluntary, and filed her petition for counsel fees and alimony *pendente lite*. On decree in favor of husband, a petition for sum in gross as permanent alimony was filed by the wife. An order of reference to the register was made. The chancellor set aside the register's report and rendered a decree disallowing counsel fees, and granting twenty-five dollars as temporary alimony, and an annuity of sixty dollars, to be paid semi-annually until further orders, as permanent alimony, and taxing the costs of the petition on the wife. From this decree the wife appealed.

TAYLOR & ELMORE, for appellant.

GLOVER & CARNOTHAN, and T. N. McCLELLAN, *contra*.

STONE, C. J.—When the former suit between these parties was before us—80 Ala. 97—we said : "The clearly established facts show a sad case of family alienation and discord, but much of the blame is chargeable to complainant." Mrs. Edwards was complainant in that suit, she is defendant in this. It was not said the entire blame rested on her. The clear implication is, that it was not so regarded. Her character is not questioned in this suit, and all the testimony proves her to be a working, struggling, economical woman, doing even hard and menial service. Doubtless she did her share in building up the little property they had gathered about them. Her daughters—two of the only three children of the marriage—and who have quite attained to years of discretion, prefer to remain, and do remain with her, in the sad disruption of the household, while only the youngest child, a son, remains with the father. This is a pregnant circumstance, and is at least persuasive to show that the fault is not all hers.

We differ somewhat with the chancellor, and reverse and here render, so as to pronounce judgment as follows:

We award to appellant as temporary alimony, fifty dollars. As counsel fees, fifty dollars. And we divide the cost of the petition equally between the parties. And the parties will pay as here indicated. That part of the decree which relates to what is called permanent alimony, we leave as the chancellor fixed it, thirty dollars semi-annually, making sixty dollars *per annum;* subject, however, to such alteration as

[Murray v. Murray.]

the chancellor may hereafter make, to be dictated by changes that may occur in personal or property relations.—*Williams v. Hale*, 71 Ala. 83.

Reversed and rendered.