# Clisby *v.* Clisby.

## *Bill for Alimony.*

(Decided April 9, 1909. Rehearing denied May 11, 1909.
49 South. 445.)

1. *Husband and Wife; Alimony; Jurisdiction to Award.*—Equity has original jurisdiction to award alimony to a wife who has been abandoned by her husband independent of a bill seeking divorce.

2. *Same; Suit after Separation.*—A bill for alimony after separation does not look to sever the ties of matrimony, but to provide for the wife during separation, and the parties still remain husband and wife with the same rights and disabilities, and the courts must deal with the same with a view to re-uniting the family.

3. *Same; Power of Court Over Property.*—Where husband and wife separate by agreement, and the wife sues for alimony alone, the court cannot take the property of the husband and give it to the wife; the only duty which it can enforce is maintenance, and for that purpose can only deal with the income of the parties, without the power to compel either to labor for the other to divest either of the corpus of his estate.

4. *Same; Duty of Husband to Provide for Wife.*—The duty of the husband to provide for the wife is a public and moral duty as well as a contractual duty.

5. *Same; Suit for Maintenance; Amount.*—Alimony should be measured in conformity to the means of the husband and the position of the parties in life, but should not go beyond the husband's means.

6. *Same; Fixing Amount.*—In a suit for separate maintenance of the wife and child alimony ought not to be fixed or permanent but left open to be increased or diminished in case of change of circumstances or necessity.

7. *Same.*—The monthly allowance which the husband agreed to pay the wife on their separation should be awarded counting from the time he failed to pay as agreed after deducting the amount paid as temporary alimony.

8. *Same; Allowance of Attorney's Fees.*—Where the husband agrees on separation to pay the wife a monthly stipend for her maintenance, which he fails or refuses to pay, and she is compelled to resort to the court for relief, she is entitled to the allowance of attorney's fees for which the husband should be made liable.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Daisy I. Clisby against A. A. Clisby, for alimony, not connected with divorce proceedings. From a decree for complainant granting insufficient relief, she appeals. Affirmed in part and in part reversed and rendered.

S. D. & J. B. WEAKLEY, and B. B. BOONE, for appellant. The court should have allowed the complainant counsel fees.—*Harding v. Harding*, 180 Ill. 592. The court will enforce its decree by attachment or by placing the property of defendant in the hands of a receiver.—*Murray v. Murray*, 84 Ala. 363. Temporary alimony will not be denied the wife because she posseses a separate estate if the income derived therefrom is not sufficient for her support.

AUGUSTUS BENNERS, for appellee. The case of *Brady v, Brady*, 144 Ala. 414, is conclusive of the questions raised on this appeal. The court will not on appeal review a decree as to temporary alimony.—*Rast v. Rast*, 113 Ala. 319; *Jeter v. Jeter*, 36 Ala. 391; *Brindley v. Brindley*, 121 Ala. 429.

MAYFIELD, J.—This is an appeal by the wife from a final decree (final, so far as such decrees are ever final) awarding her permanent alimony. Her bill was for alimony alone. It sought no divorce; but she did, by a petition in conjunction with her bill, seek alimony pendente lite and counsel fees. A reference was ordered as to her petition for alimony pendente lite. The register reported, and allowed the wife $100 per month, for support of herself and children, pending the suit, together with $400 as counsel fees. The chancellor, on the hearing of this report February 26, 1908, allowed the wife, as alimony pendente lite, $100 per month, beginning November 6, 1907, but denied counsel fees. On the final hear-

ing the chancellor continued the allowance of $100 per month, to date from March 11, 1908, the date of the decree, and disallowed any counsel fees, or anything further as maintenance, pending this appeal.

The original bill was filed February 2, 1907. The bill was amended March 23, 1907, by setting up the fact that the wife had two of the children—the result of the marriage—to support and care for, by setting out more fully the means of the husband, and also by averring a breach of the agreement made between the husband and wife, after their separation and before the filing of the bill, by which he promised to pay her $100 per month as for her support. The bill alleges, and the proof shows, that it was on account of the husband's breach of this agreement and of failure to pay the monthly allowance that suit was brought, and that he is now only required to do and preform what he himself deemed proper and agreed to do. There was no appeal from the decree or or order allowing, or fixing allowance, of maintenance pending the suit, nor is it insisted on this appeal that this decree or order should be reviewed; but it is insisted that on the final decree the wife should have been allowed as permanent alimony compensation for counsel fees, and that her allowance should have dated from the time when the husband refused to perform his agreement to pay her $100 per month for her support. Consequently the rule announced in the case of *Brady v. Brady,* 144 Ala. 414, 39 South. 237, cannot apply to this appeal, which is from the final decree for permanent alimony, and not from the allowance pendente lite.

Chancery courts of this state have exercised original jurisdiction to award alimony, independently of a bill for divorce, to a wife who has been abandoned by her husband, since the year 1849. The question was first decided in the case of *Glover v. Glover,* 16 Ala. 440. This

same case was subsesuently before this court, and the doctrine reannounced. Since that time numerous cases have been brought in this state, based upon that doctrine and the principle has never been departed from, but reaffirmed time and time again. As announced in the first case, this was a departure from the English doctrine, which was that chancery would refuse to entertain a bill for alimony alone, unless the parties had entered into an agreement that it should be allowed. Most courts have followed the English rule, but some have followed the Alabama rule. Mr. Story, speaking of the Alabama rule, or the rule adopted by this court, said: "There is so much sense and reason in the doctrine that it might be wished that it was generally adopted." The jurisdiction is made to rest upon the unquestioned duty of the husband to support the wife and the inadequacy of the legal remedies to enforce the duty. The wife's claim in the matter is purely an equitable one, and, as this court (through Stone, C. J.) has said, the court but obeys the instincts of humanity in enforcing her rights.

The object or purpose of such a bill, as to this, is not to sever the ties of matrimony, but to provide for the wife during the separation. The parties still remain husband and wife, with the rights and disabilities of husband and wife continuing, and, as said by Stone, C. J., time may bring better counsels and reunite the family, and courts must deal with the proceeding with this possibility in view. Courts in this proceeding cannot take property from one and give it to the other. The only duty which the court can enforce is maintenance, and for this purpose can only deal with the incomes of the parties, having no power to compel either to labor for the other; nor should the court divest either of the corpus of his estate. The duty of the husband to provide for the wife is a public and moral duty, as well as

a duty by contract.   The amount of the alimony is meas-
ured by the means of the husband and by the position of
the parties in life; but this must not go beyond the hus-
band's means.

The necessity of the maintenance in this case is in-
creased because of the fact that the wife is required to
support two of the children, which arrangement seems
to have been contemplated by the parties when the sepa-
ration took place.   The allowance, in a case like this,
ought not to be a fixed or permanent amount.   It should
always be left open, that it may be increased or dimin-
ished as the circumstances or necessities may change.
This case, like all others of its kind, has its note of sad-
ness; but nothing of the inhuman, cruel, or unpardon-
able is shown in the words or deeds of either party to
the unfortunate separation, and, as there are children of
the marriage it may be hoped that a reunion will take
place, whereupon a decree of this court, or of the chance-
ry court, will be unnecessary for the comfort, mainte-
nance, or felicity of either party.

We agree with the chancellor and the register that
$100 per month, under the evidence, is a proper monthly
allowance for the wife pending the separation.   This is
reinforced and confirmed by the fact that this was the
amount the husband agreed to pay or allow her after
the separation and before the bill was filed, but which
(for some reason as to which they differ) he declined or
refused so to do.   We are of the opinion, however, that
under all the circumstances in this case the chancellor
should have decreed that the husband should have paid
the $100 per month from the time he failed to make the
payments as agreed upon,   deducting   therefrom   the
amount he paid as temporary alimony, which was the
sum of $100 per month during the time he paid it as such,
and that he should have been required to reimburse her

for the attorney's fees which she had to pay, or to become liable for, in order to obtain this relief.

While the chancellor was probably correct in declining the allowance to enable her to prosecute the suit, as it appears that she could have obtained the assistance from her own means, without jeopardizing her rights, yet it is made to appear that the suit is wholly the fault of the husband, whatever may be the fault of both as to the separation, into which latter question we do not inquire. Had he performed his agreement which he made with her, and paid the $100 per month, as he should have done, the bill would not have been filed, or if filed, would not have shown the wife entitled to relief, and would have been dismissed, at her costs. We deem it both equitable and just that the husband should make good his agreement, and that he should be required to reimburse the wife for all her proper costs, including attorney's fees, incident to compelling him to do what the law and his agreement enjoined upon him to do.

The decree of the chancellor is affirmed, in so far as it allows alimony and fixes the amount of the continuing alimony at $100 per month. It is reversed, in so far as it fails to allow complainant compensation at the rate of $100 per month, in accordance with the agreement between complainant and respondent, from the time he defaulted in such payments up to the time the allowance began as for temporary alimony; and the decree is reversed and rendered, so as to allow complainant $400 counsel fees for prosecution of this suit; and the cause is remanded, in order that a reference may be had, to ascertain the amount due complainant, as under the agreement, from the time respondent failed to pay the $100 per month, up to the time he again began to pay the $100 as alimony pendente lite, less any amounts he

[Whisenant, et al. v. Hybart, et al.]

may have paid her, during that time, as for maintenance or support of herself and children; and when said amount is so ascertained, and reported, and confirmed by the chancellor, he will thereupon modify the decree in the chancery court in accordance with this decision, subject, however, to such alterations as the chancellor may hereafter make, to be dictated by whatever changes may occur in the personal or property relations of the parties to the decree.

Affirmed in part, and in part reversed and rendered, and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur