# Clisby *v.* Clisby.

### *Petition to Compel Payment of Alimony.*

(Decided April 4, 1911.   Rehearing April 27th, 1911.
55 South. 208.)

*Husband and Wife; Maintenance; Action Reviewed.*—Where the petitioner, the wife, filed a petition for separate maintenance and had a decree awarding her a certain amount monthly as alimony, and she thereafter filed a bill in the city court for divorce and alimony, the order of the chancellor, denying without prejudice her petition filed, pending the divorce suit, setting up that the husband was five months in arrears in the payments of such allowance, and seeking an order to compel the payment, will not be disturbed on appeal; especially where from all that appears on the record, temporary alimony covering a part of such five months may have been allowed in the divorce suit filed in the city court, it being inequitable for petitioner to receive alimony from both sources at the same time.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Petition by Daisy I. Clisby against A. A. Clisby, her husband, to require the payment of alimony already decreed and alleged to be in arrears. From a decree denying the petition, petitioner appeals. Affirmed.

See also 160 Ala. 575, 49 South. 446, 135 Am. St. Rep. 110.

B. B. BOONE and S. D. WEAKLY, for appellant. The decretal order of reference in the divorce case in the city court did not settle or adjudge any rights, and was not a final decree.—*Vice v. Littlejohn,* 109 Ala. 294; *Thompson v. Maddox,* 105 Ala. 326. The decree rendered here was a decree from which an appeal will lie. —*Thornton v. H. H. & B. R. R. Co.,* 94 Ala. 353; *Webb v. Webb,* 140 Ala. 262. The defendant was entitled to the relief prayed in her petition.—*Murry v. Murry,* 84

Ala. 363. The appellants also filed motion for mandamus in connection with the appeal.

SAM WILL JOHN, for appellee. This cause should be affirmed on the authority of *Clisby v. Clisby,* 160 Ala. 574; *Brady v. Brady,* 144 Ala. 419; *Jones v. Jones,* 131 Ala. 447; s. c. 95 Ala. 451.

MAYFIELD. J.—Appellant filed her petition in the chancery court of Jefferson county to compel the payment, by appellee, of a continuing allowance for alimony, in accordance with a decree theretofore rendered in that court on March 11, 1908. This decree awarded petitioner $100 per month as alimony. The petition alleged that appellee was five months in arrears in the payment of such allowance, and sought an order of the court to compel the payment by appropriate process and orders. The chancellor denied the petition, and appellant prosecutes an appeal to this court from that order, and seeks, as an alternative, an order of mandamus from this court to the chancellor directing him to proceed to compel the payments of such decree as theretofore rendered in that court.

The decree for alimony was rendered on a bill filed by appellant, for alimony only, on February 2, 1907. On February 26, 1908, the chancellor made an order allowing complainant $100 per month as alimony pendente lite to begin from November 6, 1907; and on the hearing on March 11, 1908, the chancellor made this allowance a continuing order of $100 per month, but disallowed any counsel fees to complainant. The original bill had been amended by alleging that complainant had two children, the result of the marriage, to support and care for, and set up an agreement of separation by which appellee promised to pay her $100 per month for the sup-

port of herself and children. From that decree of continuing alimony of March 23, 1908, and which disallowed counsel fees to complainant, she appealed to this court; and the decree of the chancery court was affirmed in part (in so far as it allowed $100 per month as continuing alimony), and reversed in part, so as to require the payment of $400 as counsel fees, and to allow $100 to complainant from the time respondent had failed to pay $100 per month in accordance with the agreement. On the remandment of the cause to the chancery court, a decree in accordance with the decision of this court was by agreement entered on June 29, 1909. Since that date the respondent had paid to the complainant $1,500 as attorney's fees and allowance; and this petition is to enforce the payment of the balance due thereunder.

Appellee answered the petition of appellant, setting up the fact that since the rendition of the decrees and orders in the chancery court heretofore mentioned the petitioner had filed a separate and distinct bill against the petitioner for divorce in another court, to-wit, the city court of Birmingham; that she allowed that bill to be dismissed for want of prosecution, and then filed another, in the same court, against appellee, for both divorce and alimony; that he had answered this bill, and the testimony had been taken, and on July 28, 1909, a decree was there rendered granting complainant the relief prayed, and ordering a reference to ascertain the proper amount to be awarded complainant as alimony; that the reference had been taken, and the clerk and register of that court had reported back to the court his findings and recommended the amounts to be so allowed complainant. The respondent made copies of all these subsequent proceedings in the city court of Birmingham exhibits to his answer to the petition. These

exhibits show that the city court has granted an inter-
locutory decree for complainant, and awarded her per-
manent alimony in connection therewith, and that evi-
dence for these purposes has been taken by both parties,
showing the property owned by each and the financial
and social condition of each. The financial condition
of the parties is now made to appear to be different
from that alleged by complainant in her various bills
and petitions against respondent for divorce and ali-
mony.

It may be that this change of status or condition of
the parties induced the chancellor to deny appellant's
petition to compel the payment of the continuing ali-
mony in accordance with the former orders and de-
crees of the chancery court in her suit for alimony
alone; or it may be that the chancellor decided that
complainant had abandoned or relinquished her claim
for alimony by filing her subsequent bill for divorce
and alimony in another court and proceeding to hear-
ing as to both. The chancellor has prepared no opin-
ion, and consequently we are not informed upon what
ground he denied complainant's petition. It was said
by this court on the former appeal as to the bill for ali-
mony without a divorce: "The object and purpose of
such a bill as this is not to sever the ties of matrimony,
but to provide for the wife during the separation. The
parties still remain husband and wife, with the rights
and disabilities of husband and wife continuing, and,
as said by Stone, C. J., time may bring better counsels
and reunite the family, and courts must deal with the
proceeding with this possibility in view. Courts in this
proceeding cannot take property from one and give it
to the other. The only duty which the court can en-
force is maintenance, and for this purpose can only
deal with the incomes of the parties, having no power

to compel either to labor for the other, nor should the court divest either of the corpus of his estate."—160 Ala. 575, 49 South. 446, 135 Am. St. Rep. 110. "The allowance in a case like this ought not to be a fixed or permanent amount. It should always be left open, that it may be increased or diminished as the circumstances or necessities may change."—160 Ala. 576, 49 South. 447, 135 Am. St. Rep. 110. The status of the parties as it existed when the above was said no longer exists.

The complainant having filed her bill for divorce and permanent alimony in another court, and an interlocutory decree having been entered declaring her entitled to all the relief prayed, and directing a reference to ascertain the proper amount for such allowance, and the reference having been held and the findings reported to the court, nothing remains to be done but to enter up the final decree therefor. It would be inequitable to enforce the decrees of both courts for this alimony which is certainly in part for the same purpose. The first, of course, should not be continued after the second becomes operative. We are not prepared to say that the chancellor was in error in denying the petition to compel the payment of the amounts as prayed therein. The complainant certainly should not be allowed to prosecute and enforce two suits in different courts, even in part for the same purpose. The complainant, of course, did not necessarily relinquish her claim or right for all alimony by filing her bill for divorce. She could have filed her bill for divorce without claiming, but she ought not to be allowed to continue to enforce the decree in the chancery court for continuing alimony alone, and at the same time to obtain a divorce and a decree for permanent alimony. The two decrees are necessarily in part for the same object and purpose,

and would therefore be a double allowance and in-equitable.

The decree of the chancellor appealed from denying the petition was without prejudice to the rights of the parties; and will in no way prevent complete justice from being done both parties in the further progress of this unfortunate litigation in the chancery or city court.

The decree or order of the chancellor was proper, and the writ of mandamus prayed will be denied.

Affirmed.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.

## On Rehearing.

SIMPSON, J.—We place our concurrence in the result on the ground that, for all that appears upon the record, it may be that, in the case in the city court, temporary alimony has already been allowed, covering a part of the time for which alimony is claimed under the former allowance. It would be manifestly inequitable for the party to receive alimony from both sources at the same time, and therefore it is proper to leave the matter in the hands of the chancellor to allow or refuse the alimony prayed for, as the exigencies of the case may demand, after the city court has acted. We do not place our concurrence on the fact that the two cases are pending at the same time, or on any decree of divorce, which the record does not show has yet been granted.