# Folda *r*. Folda.

## *Divorce.*

### (Decided Nov. 23, 1911.   56 South. 533.)

*Divorce; Alimony; Amount.*—Where the evidence was insufficient to rebut the positive testimony that a respondent was not a member of a named firm, and it further reasonably appears that all he had was wages of $75 per month, and unproductive land worth about $200, an allowance of $75 per month as alimony against the respondent in favor of complainant who owned property producing an income of $100 per year, was excessive, not more than $30 per month being the proper amount to be allowed.

APPEAL from Marengo Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Sarah Folda against Robert Folda for alimony. From a decree granting same, respondent appeals. Reversed and rendered.

The chancellor granted alimony, the bill being for that purpose alone, and, having reached the conclusion from the evidence that the respondent was a member of the firm of L. Folda & Co., for the purpose merely of determining the source of income of the respondent upon which to base the amount of alimony, decreed that the complainant should receive a monthly sum of $75 per month, making the amount due at the time of the decree $1,725, and the additional sum of $75 per month, payable on the last day of each month.

HENRY McDANIEL, and PARTRIDGE & HOBBS, for appellant. The burden was on the complainant to show ownership by respondent of specific property.—*Lovett v. Lovett,* 11 Ala. 763. The exception to the report of the register raises the question that his allowance of alimony was excessive, and that the register failed to find

in his report what property was owned by respondent. Courts of equity deal in the matter of alimony with the husband's income, not with his property.—*Murray v. Murray*, 84 Ala. 363.‍ The amount of alimony is exorbitant under the facts in the case.

R. B. EVINS, for appellee. Counsel discusses the evidence and insists that under it complainant was entitled to alimony, and that the amount granted was not excessive.—*Jeter v. Jeter*, 36 Ala. 391.

SIMPSON, J.—The bill in this case was filed by the appellee for an allowance of alimony. Whether the statement by the chancellor, as to the defendant being a partner in the firm of L. Folda & Co., was a mere expression of an opinion, or a decree to that effect, and whether the register was in error in treating it as a decree and refusing further evidence on that subject, we will not stop to discuss.

Upon an examination of all of the evidence in the case, including the evidence taken before the register, we hold that the complainant has not sustained the burden resting on her to prove that the defendant was an owner of a half interest in the firm of L. Folda & Co. The testimony of L. Folda and the respondent is positive that the respondent did not and does not own any interest in said firm. There is not any evidence tending to show that he ever paid any money into said firm, and the evidence is without conflict that all the money he ever received from said firm, whether as wages or as his part of the profits of the business, was $75 per month, and both of said witnesses testify that this was merely compensation for his services. Said L. Folda did not testify, as insisted by appellee, that he paid the amount each month to the respondent as "part of the money

coming to him," but that he paid to the respondent the average wages of a salesman; that he paid to him each month in cash "the part money coming to him," so that, whatever it was, he paid him, not a part of the money coming to him, but *the part* coming to him; in other words, all that was due him.

We do not think that the circumstances adduced in evidence are sufficient to rebut the positive testimony that said respondent is not a partner in said firm. Consequently it was error to consider a half interest in said firm as belonging to the respondent. All that he has, according to the testimony, is an income of $75 per month, and a half interest in 40 acres of land, the entire tract being estimated as worth $400, which is not shown to be producing any income; and it is shown that the complainant owns property producing an income of $100 per annum. Under all the evidence, we hold that an allowance of $30 per month as alimony is sufficient.

The decree of the chancery court is reversed, and a decree will be here rendered, requiring Robert Folda to pay Sarah Folda, as alimony, from the time the bill of complaint was filed, to wit, March 28, 1908, the sum of $30 per month, the amount now due to be payable at once, and future monthly allowances on the last day of each month. The case will remain on the docket of the chancery court of Marengo county for such future orders as may be necessary.

Reversed and rendered. All the Justices concur.