# Jones *v.* Jones.

## *Divorce and Alimony.*

(Decided January 16, 1912. 57 South. 376.)

1. *Divorce and Alimony; Separate Maintenance; Husband and Wife.*—The statutes and chancery proceedings authorize a bill for alimony in the nature of separate maintenance without divorce.

2. *Same; Agreement.*—The fact that the wife had not joined in executing certain conveyances as she had contracted to do in a separation agreement would not be a defense to an action for separate maintenance in which the agreement is set forth as bearing on alimony, if she had never been requested to do so.

3. *Same; Pleading.*—The fact that the wife had refused to join in executing certain conveyances as she had contracted to do in a separation agreement should be set up by plea or answers, and not by demurrer as a defense to an action by her for separate maintenance.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Mary M. Jones against C. C. Jones for alimony, but not divorce. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

STALLINGS & DRENNEN, for appellant. The agreement of appellee to join in conveyances stipulated in the contract was valid, and a part of the contract, and if violated by her, operated as a bar to any recovery by her of the money stipulated to be paid her under the contract.—*Duryea v. Bliven,* 122 N. Y. 576. The wife cannot maintain a bill for alimony separate and apart from divorce proceedings except where the husband without any just excuse on her part fails to make any provision for her support and maintenance.—*Hines v. Hines,* 80 Ala. 225. The bill should allege that the wife has no separate estate, or that it is insufficient for her maintenance, and that the husband has an estate out of which an allowance for the wife can be decreed.—Sec. 3804, Code 1907. As to the 2nd proposition, see also.—*Downey v. Downey,* 98 Ala. 373.

SAM WILL JOHN, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This is a suit in equity, by the wife against the husband. and seeks alimony in the nature of maintenance without praying for divorce.

Such suits have been repeatedly sanctioned by this court, and held to be authorized under our statutes as to divorce proceedings and our system of chancery procedure.—*Brady v. Brady,* 144 Ala. 414, 39 South. 237; *Hinds v. Hinds,* 80 Ala. 225; *Murray v. Murray,* 84 Ala. 363, 4 South. 239; *Brindley v. Brindley,* 115 Ala. 474, 22 South. 448; *Clisby v. Clisby,* 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110. The bill in this case is evidently modeled after the bill discussed and considered in the above case of *Clisby v. Clisby,* and, like that in the latter case, alleged a contract between the husband and wife to live separate and apart, with condition

that the former should provide for the support of the latter and of their child, during the term of separation, by the payment of stipulated allowances monthly. It further alleges breaches of this contract, by the failure to pay the stipulated amounts, or the full sum thereof, as and at the times agreed on.

The bill, however, does not seek a specific enforcement of this contract; but it is made a part of the bill for the information of the court, in determining the rights of the parties to alimony or maintenance, and the amount thereof, if allowed. In *Clisby's Case, supra,* it was said: "The object and purpose of such a bill as this is, not to sever the ties of matrimony, but to provide for the wife during the separation. The parties still remain husband and wife, with the rights and disabilities of husband and wife continuing, and, as said by Stone, C. J., time may bring better counsels and reunite the family, and courts must deal with the proceeding with this possibility in view. Courts in this proceeding cannot take property from one and give it to the other. The only duty which the court can enforce is maintenance, and for this purpose it can only deal with the income of the parties, having no power to compel either to labor for the other; nor should the court divest either of the corpus of his estate. The duty of the husband to provide for the wife is a public and moral duty, as well as a duty by contract. The amount of the alimony is measured by the means of the husband and the position of the parties in life; but this must not go beyond the husband's means. The necessity of the maintenance in this case is increased, because of the fact that the wife is required to support two of the children, which arrangement seems to have been contemplated by the parties when the separation took place. The allowance, in a case like this, ought not to be a fixed or permanent

amount. It should always be left open, that it may be increased or diminished as the circumstances or necessities may change."—160 Ala. 575, 576, 49 South. 446, 447, 135 Am. St. Rep. 110. "It is made to appear that the suit is wholly the fault of the husband, whatever may be the fault of both as to the separation, into which latter question we do not inquire. Had he performed his agreement which he made with her, * * * as he should have done, the bill would not have been filed, or, if filed, would not have shown the wife entitled to relief, and would have been dismissed, at her costs."— 160 Ala. 577, 49 South. 447, 135 Am. St. Rep. 110.

The equity and the sufficiency of the bill in *Clisby's Case* were thoroughly tested on three appeals to this court, and by this court sustained. We find no merit in any of the special grounds of demurrer, assigned to this bill, not heretofore passed upon by this court.

The bill sufficiently shows that complainant has complied with her part of the agreement set up. It is true it does not show that she has joined with her husband in the execution of conveyances, as she stipulated to do; but it is also true that it is not shown that she has ever had the opportunity of so doing, and, of course, there rests upon her no duty so to do, until thereto requested by her husband.

If she has been so requested, and has refused, this should be set up in a plea or answer, and not by demurrer. The bill amply alleges facts sufficient to show that the complainant is entitled to the relief prayed against the defendant, and is not subject to any of the grounds of demurrer interposed or urged on this appeal.

The decree of the chancellor, overruling the demurrer to the bill, was proper, and is hereby affirmed.

Affirmed. All the Justices concur, save Dowdell, C. J., not sitting.