# Thompson v. Maddux.

*Bill in Equity to enjoin Foreclosure of Mortgage.*

1. *Appeal; final decree.*—Where, upon the submission of a cause in a court of chancery upon the pleadings and proof, the decree as rendered was that "Upon consideration the court is of the opinion the complainant is entitled to make" a certain defense to a claim of respondent, not followed by words decreeing relief, or that the party is entitled to relief, or words of equivalent import, but directing a reference to the register for the purpose of stating an account, such order is not a final decree which will support an appeal.

APPEAL from the Chancery Court of Bullock.

Heard before the Hon. JERE N. WILLIAMS.

Thomas J. Maddux, the appellee, filed his bill of complaint against the appellants, W. I. R. Thompson, as the surviving partner of the firm of Robinson & Thompson, and Jordan & Sons; and prayed for an injunction to restrain W. I. R. Thompson from foreclosing a mortgage executed by complainant to Jordan & Sons, and by them assigned to Robinson & Thompson. The complainant averred in his bill that he had been for a long time a customer of Jordan & Sons, a mercantile firm, doing business at Midway, in Bullock county, and that for ten years Jordan & Sons had been advancing to him for the purpose of enabling him to make a crop, and to secure such advances he, at the first of each year, executed his note, which evidenced any balance that might be due on the last year's account, and the approximate advances that were to be made during the coming year; that in accordance with this custom, he did, in January, 1892, execute his note to Jordan & Sons for $3,000, which amount included the balance due from him for the transactions of ten years preceding that time, and the amount which was estimated to be necessary to enable him to make his crop during the current year, and that to secure this amount, he executed a mortgage on his real estate and personal property, and that this mortgage was assigned by Jordan & Sons to Robinson & Thompson. It was also averred in the bill, that for the past

[Thompson v. Maddux.]

advances made by Jordan & Sons to the complainant, they had charged him usurious interest, and that up to the time of the assignment to Robinson & Thompson there had been no advances made to the complainant. He also averred his willingness and readiness to pay any amount that might be due upon said mortgage; and then averred, that under the provisions of sale in said mortgage, W. I. R. Thompson, as surviving partner of Robinson & Thompson, was about to sell his property for the full amount of the face of the note and mortgage. Upon these facts he prayed for an injunction to restrain this proposed sale, and for an accounting.

The opinion renders it unnecessary to make a statsment of the facts which were disclosed upon the hearing of the case. On the final submission of the cause, the chancellor rendered the following decree: "This cause is submitted at this term on the pleadings and proof, as shown in the note of submission. Upon consideration the court is of opinion that the complainant is entitled to make such defense against the note and mortgage, or either, in the hands of the respondent, as he could have made against the same in the hands of Jordan & Sons, or Jordan & Bro. It is referred to the register to ascertain what amount, if any, of usurious interest was included in the note for $3,000 named in the bill, and made by complainant to Jordan & Sons." Then follows directions as to the manner of holding the reference. The respondent, W. I. R. Thompson, appeals, and assigns this decree as error.

E. P. MORRISSETT and J. R. WOOD, for appellant, cited *Adams v. Sayre*, 76 Ala. 517; *Malone & Foote v. Marriott*, 64 Ala. 488.

ROQUEMORE & WHITE and T. N. COX, *contra*.

COLEMAN, J.—Our opinion is that there has been no such final decree rendered in this cause, as will support an appeal. The word "considered," used in connection with other proper words, may be sufficient to give the entry the force and effect of a formal decree— as that it is considered by the court, that the plaintiff recover, or have relief as prayed for, &c. But where the only entry is, "Upon consideration, it is the opinion

[Leinkauff & Strauss *et al.* v. Tuskaloosa Sale & Advancing Co. *et al.*]

of the court that complainant is entitled to make a defense," not followed by words decreeing relief, or that the party is entitled to relief, or words of equivalent import, it can not be said, under such an order, that anything has been decreed or determined by the court, except that it orders a reference. This court has jurisdiction of appeals from final decrees, but not from a mere opinion that a party is entitled to make a defense. The appeal is really prosecuted from an order of reference to the register.

The appeal must be dismissed for want of jurisdiction in this court.

Appeal dismissed.