# Randall *et al.* v. Hardy *et al.*

*Bill in equity to reform deed and for injunction.*

1. *Issue in chancery cause directed to be tried at law.*—Where an issue in a chancery cause is directed by the chancellor to be tried at law, but the trial, when had at law, is not that contemplated by the order, it is the duty of the chancellor to direct a new trial, or a trial corresponding to that he had ordered.

2. *Final decree in equity.*—If all the equities between the parties to a chancery cause are settled, and there remains only a reference to be had for the ascertainment of the amount, the decree is final; but a decree is not final which settles only a part of the equities in the case, notwithstanding a general expression therein of the opinion of the chancellor that complainants are entitled to the relief prayed.

3. *Same; case at bar.*—Where in a suit to correct a misdecription in a deed, for an injunction against the cutting of timber and quarrying of stone by defendants claiming adversely to complainants, and for an account and decree for value of stone and timber taken and removed by defendants, a preliminary injunction was granted, a decree was rendered reforming the misdescription in a deed; and a trial at law was directed for determination of the title of the complainants to the stone and timber, on which trial defendants disclaimed possession of the stone and timber, the court of law gave judgment that defendants recover of plaintiffs the costs of the suit, and the note of submission on the last hearing showed that the attention of the chancellor was drawn to this proceeding, but his decree thereafter given was merely as follows: "Upon due consideration it appears to the court that the complainants are entitled to the decree prayed for. It is therefore * * * decreed that defendants' motions to dismiss the bill and dissolve the injunction be * * * over-

[Randall *et al.* v. Hardy *et al.*]

ruled, and that defendants' demurrers are hereby overruled. It is further ordered and decreed that complainants' injunction heretofore granted be * * * perpetuated. All other questions in the original cause are reserved"; this was not a final decree, which would support an appeal.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. S. K. McSPADDEN.

The facts in the case are sufficiently stated in the opinion.

TOMPKINS & TROY and W. S. CARY for the appellants.

LOMAX PITTMAN and J. P. TILLMAN for the appellees.

BRICKELL, C. J.—The original bill was filed to correct a misdescription in a deed conveying lands, and for an injunction against the cutting of timber and quarrying stone thereon by defendants claiming adversely to the complainants, and for an account and decree for the value of stone and timber which they had taken and removed. A preliminary injunction was granted, and continued to the rendition of the decree from which the appeal is taken, and then made perpetual. During the progress of the cause, a decree was rendered reforming the misdescription in one of the deeds, and a trial at law directed to be had for the determination of the title of the complainants to the stone and timber. A trial, it seems, was had accordingly, but on the trial the defendants disclaiming possession of the stone and timber, the judgment of the court of law was, that they recover of the plaintiffs the costs of the suit. The note of submission on the last hearing, shows the attention of the chancellor was drawn to this proceeding at law, but it does not seem to have exerted any influence in the rendition of the decree from which the appeal is taken. It is not the proceeding which was contemplated, and it would seem it was the duty of the chancellor to have directed a new trial, or a trial corresponding to that he had ordered. 2 Daniel's Ch. Pr. 1121. Thereafter, the decree was rendered from which the appeal is taken, which, omitting the mere formal parts, is in these words: "Upon due consideration it appears to the court, that the complainants are entitled to the relief prayed for. It is therefore adjudged, ordered, and de-

creed that defendants' motions to dismiss the bill and to dissolve the injunction be and they are hereby overruled, and that said defendants' "(demurrers. omitted)" are hereby overruled. It is further ordered and decreed that complainants' injunction heretofore granted be and the same is hereby perpetuated—all other questions in the original cause are reserved.'' In *Garner v. Prewitt*, 32 Ala. 13, it was said; ''The principle to be extracted from our decisions is, that if all the equities between the parties are settled and there remains only a reference to be had for the ascertainment of the amount, the decree is final. We have no decision which characterizes that as a final decree, which only settles a part of the equities in the case." Upon this principle, all our subsequent decisions have proceeded. Applying it, it seems manifest this is not a final decree. There is an express reservation for future consideration of all other questions than such as were expressly decided. The general expression of the opinion of the chancellor that the complainants are entitled to the relief prayed for, may or may not indicate a future decision of all these questions favorable to the complainants. But this mere expression of opinion is not a decision nor a decree upon these questions.—*Thompson v. Maddux*, 105 Ala. 326. There was no decree of reference, no decree determining whether the defendants should be charged with the stone and timber which they had taken from the premises, or if they were to be charged, whether they should be charged jointly, or severally, and if severally, in what proportions, and in this respect the case differs from that large class of cases in which decrees settling the equities of the case have been declared final, supporting an appeal, though a reference of mere matters of account was made to the register. What force and effect should be accorded to the trial at law. or whether all force and effect should be denied to it and a new trial ordered, are questions left open by the decree, and we are not prepared to say they are immaterial questions in the future determination of the cause. We are of consequence compelled to dismiss the appeal at the cost of the appellants.