198 So. 622

**DAWSON v. DAWSON.**

**5 Div. 320.**

Supreme Court of Alabama.

Oct. 10, 1940.

Rehearing Denied Nov. 22, 1940.

Reynolds & Reynolds, of Clanton, for appellee.

Gerald & Gerald, of Clanton, for appellant.

BOULDIN, Justice.

The husband sued the wife for divorce on the ground of adultery. The wife denying the charge, filed a cross-bill for di-

vorce on the ground of adultery. The husband, in his bill, sought the custody of their only child, a son, now eleven years of age.

The custody of this child is one of the bitterly fought issues.

Evidence on the issue of adultery, pro and con, may well be viewed in the light of this contest between parents.

We are impelled to remind them and all married couples, that children are due the love, care and bringing up of both father and mother; this is their birthright; and this parental obligation re-enforces the solemn marriage covenant of fidelity to each other, that homes shall not be broken up.

■ The evidence touching the charge of adultery on the part of the wife is voluminous. The trial court did not hear the testimony orally. His decree sustaining the charge is to be reviewed without any presumption in its favor. Code, § 9498.

■ While adultery is a crime of darkness and secrecy, and may be proven, like other facts, by circumstantial evidence, the proof must be such as to "lead the guarded discretion of a reasonable and just man to the conclusion" that the act has been committed. The judicial mind must be reasonably satisfied, as in all civil cases.

This rule of the text writers was fully enunciated in Jeter v. Jeter, 36 Ala. 391. The decision by Chief Justice A. J. Walker may be read with profit in all such cases.

Thinking of some aspects of this case, we quote the following words of wisdom therefrom: "It is a teaching alike of human experience and of the law-books, that in the marriage state contented affection is one of the surest safeguards, and most satisfactory evidences of fidelity; while causeless alienation, and unaccountable and unreasonable aversion, are temptations to infidelity; and often the accompaniments and results of it."

The rule declared in that case has been followed and reiterated in a long line of our decisions. Brown v. Brown, 229 Ala. 471, 158 So. 311.

■ One other rule of evidence may be noted. Alleged confessions of the wife, strenuously denied on her part, were in evidence.

Under an early statute in Alabama such confessions were wholly inadmissible.

Clay's Digest, 171, § 16; King v. King, 28 Ala. 315.

This statute was amended to read: "No decree can be rendered on the confession of the parties, or either of them."—Code 1923, § 7413.

Extra judicial confessions in a litigated case are now admissible, but must be corroborated by other proof.—Lunsford v. Lunsford, 232 Ala. 368, 168 So. 188.

We have given a very careful study to all the evidence upon the charge of adultery on the part of the wife; considered it in the light of the interest of the witnesses, and other indicia of bias, the reasonableness of sundry statements, the inferences sought to be drawn from matters wholly consistent with innocence, the hazard of misunderstanding or misconstruing verbal declarations, accentuated by suspicion and an urge to find grounds for crimination, the strong testimony of good character, &c.

A full review and detailed discussion of the evidence would serve no good purpose.

■ Suffice to say the case is bottomed on a charge of one act of adultery from which the wife is charged with having contracted a venereal disease. Two physicians, one the family physician, the other chosen by the husband, both admittedly competent, and, so far as appears, unbiased, testify that the female trouble with which the wife suffered was, in their opinion, not such venereal disease, and that their examinations were verified by tests at the State Laboratory. Keeping in mind the other conflicting testimony, we are convinced there is no sound and just reason to find these physicians in error.

The charge of adultery against this wife and mother is not sustained.

On the other hand the evidence fully sustains, and indeed there is no denial, that the husband did contract a venereal disease, gonorrhea, many months after his wife's female trouble had developed and been treated.

Convinced, as we are, that he did not contract it from his wife, we are reasonably satisfied he contracted it by adulterous intercourse elsewhere. We need not discuss the direct evidence tending to show such adulterous acts. The whole evidence leads us to the conclusion above stated.

A decree will be here rendered reversing the decree of the trial court in all respects, save in the allowance of the solicitor's fee

for respondent and cross-complainant. As to this, the decree is affirmed.

A decree is here rendered denying relief to complainant, Marvin Dawson, on his original bill; and granting a decree of absolute divorce in favor of cross-complainant, Ollie Dawson. Decree will also award to her as permanent alimony and for the support of the son, Marvin Dawson, Jr., the sum of $25 per month, payable by cross-respondent on the first day of each month after the rendition of this decree. The decree awarding the custody of Marvin Dawson, Jr., to the complainant, is reversed, and the custody of this son is awarded to his mother, Ollie Dawson, subject to the right to visit his father as he did prior to the decree in the court below.

The cause is remanded to the trial court for the execution of the terms of this decree, with the usual power to modify the decree for alimony as changed conditions may render equitable. The costs of suit and costs of appeal are taxed against complainant.

Affirmed in part, reversed and rendered in part, and remanded.

GARDNER, C. J., and FOSTER, and LIVINGSTON, JJ., concur.