27 So.2d 783

## JORDAN v. COURTNEY.
### 4 Div. 418.

Supreme Court of Alabama.

Nov. 14, 1946.

L. A. Farmer, of Dothan, for appellant.

No appearance for appellee.

BROWN, Justice.

This appeal is from a decree of the Circuit Court of Houston County sitting in equity dismissing the complainant's bill on the ground that the court was without jurisdiction to grant the complainant relief.

The bill is by the innocent party to the alleged transaction, seeking to annul a bigamous ceremonial marriage performed by the Judge of Probate of Houston County, Alabama, by authority of a marriage license issued in said county and a return and record made thereof in the probate office of said county. The bill invokes the general equity jurisdiction of the court and not its special and limited jurisdiction conferred by the divorce statutes.

The bill avers and the evidence shows without dispute that the defendant in the suit had at the time the marriage was performed and at the time of the filing of the bill a living husband, living in the State of Florida, and that the former marriage had not been dissolved by divorce. Notwithstanding her knowledge of the existence of such status, she failed to disclose to complainant or to the probate judge when the marriage was performed, the existence of such previous marriage,—facts which constitute fraud against complainant and on the law. The defendant was under duty to speak and no doubt was called upon to do so in the marriage ceremony, as is the general custom.

The ground upon which the court dismissed the bill was that both the parties to this litigation were non-residents of the state, but it appears that the defendant was given notice by registered mail and appeared and filed answer to the bill. The acts upon which the suit is founded occurred within the jurisdiction of the Circuit Court of Houston County and the record which the bill seeks to annul is within the jurisdiction of the court. This brings the case clearly within the letter and spirit of subsection 2, § 131, Title 13, Code of 1940, which provides:

"Circuit courts, when exercising equity jurisdiction must take cognizance of the following cases: * * *

"2. Against non-residents, when the object of the suit concerns an estate of, lien or charge upon, lands, or the disposition thereof, or any interest in, title to, or incumbrance on personal property within this

state, *or where the cause of action arose,* or the act on which the suit is founded, was to have been performed in this state. * * *." [Italics supplied.]

While there is some conflict in the general authorities on the subject of jurisdiction where both parties are non-residents, we find respectable authority supporting the conclusion which we have reached and the authorities may be found in the annotation to the case of Bell v. Bell, 122 W.Va. 223, 8 S.E.2d 183, 128 A.L.R. 56, 77. See also Hamlet v. Hamlet, 242 Ala. 70, 4 So.2d 901; Moffitt v. Moffitt, 246 Ala. 174, 19 So.2d 722.

The ceremonial marriage entered of record in the office of the Judge of Probate of Houston County, Alabama, carries a strong presumption of the validity of said marriage and imposes on the complainan the burden of showing that the previous marriage had not been dissolved. Faggard v. Filipowich, ante, p. 182, 27 So.2d 10.

The complainant not having participated in the guilt of the transaction is entitled to have the record of said marriage annulled in the office of the Judge of Probate of Houston County by endorsement thereon of the fact by the register of the circuit court that the same has been annulled by decree of the Supreme Court of Alabama this day entered.

The decree of the circuit court is reversed and one here rendered granting complainant relief as above stated.

Reversed and rendered.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.