35 So.2d 550

## LYALL v. LYALL.

### 6 Div. 654.

Supreme Court of Alabama.

May 20, 1948.

Jas. A. McCollum, of Tuscaloosa, for appellant.

636

A. K. Callahan, of Tuscaloosa, for appellee.

FOSTER, Justice.

This is a suit by appellant against appellee for divorce. The trial court denied relief to complainant, hence this appeal by him. The trial court held that the evidence did not show that respondent voluntarily abandoned complainant and continued voluntarily to live separate and apart from him for one year next before the suit was begun or at all.

There was no conflict in the evidence, and complainant himself was the only witness as to the controlling circumstances. The respondent did not testify nor offer evidence though she was in court and represented by counsel.

It is not necessary for us to express an opinion as to whether voluntary abandonment is shown sufficient to support a decree of divorce, for we think complainant was not entitled to such a decree for other reasons.

Complainant's evidence shows that since his marriage to respondent he has had sexual intercourse with at least two different women. He could not give dates nor the number of occasions. But evidently the inference from his testimony is that they were many. An effort was made to fix such dates after his wife had remained away from him for more than a year, and after he had filed this suit for divorce and not before.

The amended answer and crossbill, seeking separate maintenance, alleges by way of defense that since the time of their separation complainant has committed various acts of adultery with one or more persons whose names are unknown to respondent, and for a long time has lived in adultery with a woman whose name is unknown to respondent. The crossbill did not seek a divorce on that ground.

■ The decree of the court expressed the opinion that complainant is not entitled to relief and also that respondent, who is also a cross-complainant, is not entitled to relief as prayed for in her crossbill, except for a solicitors' fee. It ordered, adjudged and decreed the payment by complainant of $150 as solicitors' fees, and the costs of court. There was no feature of the decree expressly denying relief to complainant or dismissing the suit. Such expression of opinion is not a decree, and will not support an appeal. Thompson v. Maddux, 105 Ala. 326, 16 So. 885; Randall v. Hardy, 107 Ala. 476, 19 So. 971; Hill v. Hill, 211 Ala. 293, 100 So. 340, and other cases there cited.

■ The only effectual feature of the decree is for the payment of a solicitor's fee. Ordinarily this is treated as a part of an allowance for temporary alimony, and its allowance is then not appealable. Ex parte Apperson, 217 Ala. 176, 115 So. 226; Ex parte Wood, 215 Ala. 280, 110 So. 409.

■■ But the court has the power to award maintenance to the wife without divorce. Our system of chancery practice authorizes such procedure. Jones v. Jones, 174 Ala. 461, 57 So. 376; Brady v. Brady, 144 Ala. 414, 39 So. 237; Hinds v. Hinds, 80 Ala. 225; Murray v. Murray, 84 Ala. 363, 4 So. 239; Brindley v. Brindley, 115 Ala. 474, 22 So. 448; Clisby v Clisby, 160 Ala. 572, 49 So. 445, 135 Am.St.Rep. 110. That is the purpose of the crossbill. The effect of the decree is to allow $150 for the purpose of paying her counsel, but it is by way of maintenance under the broad power of the circuit court, in equity. It

finally disposes of the cross-bill by making an allowance as prayed for. The notes of submission and recitals of the decree show that nothing was left open for further consideration and decree. It is a final decree, but incomplete in form to the extent that it denies relief to complainant on his bill and to respondent on her crossbill, except the relief which is granted on the cross-bill.

■ We find no authority on the particular subject, but we think it must be a sound principle that when a final decree is rendered and grants relief in part, all other relief is necessarily denied, when it is apparent that the court intended the decree to settle all equities. Of course it could be amended nunc pro tunc so as to be complete and adjudge what is stated to be the opinion of the court. But without such adjudication in express terms, we think, from what is adjudged and decreed, that the decree should be construed as necessarily meaning that. We will therefore treat the decree as final denying all relief, except that which is granted, and therefore it is proper to consider its merits as one denying such relief, as counsel on both sides have done.

■ So the question is whether the adulterous acts of appellant occurring after their separation (in fact, they never lived together at all) are sufficient to deny relief to complainant whether or not appellee did voluntarily abandon him, and continued to live separate and apart from him to the time of the initiation of the suit.

In our early case of Ribet v. Ribet, 39 Ala. 348, this Court first declared a principle in that connection as follows:

"In view of the provisions of the Code of Alabama, on the subject of divorce, and the general current of authority, we hold the doctrine, that any one of the statutory causes for a divorce may be set up in bar of a bill for a divorce a vinculo predicated on any other of the statutory causes.— Barbour on M. & D. § 396, et seq.; Nagel v. Nagel, 12 Mo. 53. Thus, if the husband proceeds for a divorce on the ground of adultery of the wife, she may defeat his suit by alleging and proving that he himself was guilty of such cruelty towards her as would otherwise have entitled her to a decree for a divorce as against him; and so vice versa, if she proceed on the ground of his cruelty, he may reply in bar that she was guilty of adultery. And, as has been already shown, if such bar is not actually set up and relied on in the answer of either party, and the proofs in the case nevertheless show the fact to exist, the court is authorized and required to hear such proof, and be governed accordingly. If both are guilty of such want of fidelity to their matrimonial vows, whether in one way or another, as goes to show that neither is strictly an 'aggrieved' party, the court will not disturb the binding force of that great bond of society, the marriage contract."

But appellant contends that since the only proof of such adulterous acts by him was his own testimony to that effect given on this trial, it would violate the principle of section 26, Title 34, Code, to deny him relief on the basis of his testimony. That statute prohibits a divorce "on the confession of the parties or either of them." This cannot be done even by the admissions or confessions in an answer to the bill. Richardson v. Richardson, 4 Port. 467, 30 Am.Dec. 538. In the case of King v. King, 28 Ala. 315, it is said that under this statute a divorce cannot be rendered on the confessions alone of the party, but such confessions are admissible and with evidence of the conduct of the party or other circumstances may be sufficient to support a divorce decree. Likewise, see Lunsford v. Lunsford, 232 Ala. 368, 168 So. 188; Dawson v. Dawson, 240 Ala. 258, 198 So. 622.

■■ This statute was never intended to prevent parties to a divorce suit from testifying for or against each other when a statute permits parties to testify in other civil proceedings and suits. 19 Corpus Juris 133, 27 C.J.S., Divorce, § 136c; 17 Am.Jur. 352, 353, section 418. We are not here passing on the question of whether a divorce can be granted on the uncorroborated testimony of a spouse admitting in open court the existence of a statutory ground. It may be true that a recriminatory charge must be proven by the same quantum of evidence as would be required if it were brought as a ground for divorce.

638

(17 Am.Jur. 352, section 416), but that does not mean that it must be established by the same sort of evidence, since section 26, Title 34, supra, would not apply. The rule is that admissions of a plaintiff are competent evidence to defeat a divorce, while admissions of defendant are not alone sufficient to grant a divorce. 19 Corpus Juris 127, § 332, 27 C.J.S., Divorce, § 125.

We think the decree should be affirmed for the reason we have stated.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.