53 So.2d 601

### DORSEY v. DORSEY.
4 Div. 558.

Supreme Court of Alabama.
March 29, 1951.

Rehearing Denied June 30, 1951.

Chauncey Sparks, of Eufaula, for appellant.

Archie I. Grubb, of Eufaula, for appellee.

138

LAWSON, Justice.

Ed Dorsey and Florrie Dorsey, members of the Negro race, went through a marriage ceremony in the month of June, 1926, and lived together as man and wife until September, 1947. A daughter, Eddie Mae Dorsey, was born to them in 1931 or 1932. On or about November 20, 1934, Ed Dorsey executed a deed, in which Florrie joined, wherein he conveyed a house and lot situated in the city of Eufaula to Florrie and Eddie Mae. In pertinent parts this deed reads as follows:

"The State of Alabama,

Barbour County.

"Know All Men By These Presents, That I, Ed Dorsey, the husband of Florrie Dorsey and the father of Eddie Mae Dorsey, joined herein by my wife Florrie Dorsey, for and in consideration of the love and affection I have for my wife Florrie Dorsey and Eddie Mae Dorsey, and the further consideration of the sum of Ten Dollars cash to me in hand paid by the said Florrie Dorsey and Eddie Mae Dorsey, the receipt of which said sum of money is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said Florrie Dorsey and Eddie Mae Dorsey, the following described real-estate, to-wit:

* * * * * *

"To Have and To Hold to the said Florrie Dorsey and Eddie Mae Dorsey, their heirs and assigns in fee simple forever.

"Witness our hands and seals this the 20th., day of November, 1934."

At the time that Ed Dorsey and Florrie separated, she was on a visit to her daughter in Cleveland, Ohio. In December, 1947, Ed Dorsey began going with another woman by the name of Louise O'Day, with whom he went through a marriage ceremony in January or the early part of February, 1948.

On February 26, 1948, Ed Dorsey commenced this proceeding in the circuit court of Barbour County, in equity, against Florrie Dorsey, seeking the following relief: (1) to have his marriage to Florrie declared to be null, void and of no effect whatsoever; (2) to have the deed executed on November 20, 1934, declared to be null and void in so far as it purports to convey an undivided one-half interest in the property to the respondent Florrie Dorsey; (3) to have the deed of March 20, 1934, reformed "by striking therefrom the name 'Florrie Dorsey' wherever the same appears in said instrument and also striking therefrom any other words pertaining to said Florrie Dorsey or a wife of complainant wherever such words may appear in said instrument and also to reform said instrument in such manner as to make said instrument convey an undivided one-half interest to complainant's daughter, Eddie Mae Dorsey, and title to the remaining undivided one-half interest to revest or be in complainant."

Later the bill was amended by making Eddie Mae Dorsey a party respondent. The suggestion was made that a guardian ad litem be appointed to represent her. The prayer of the bill was amended so as to pray for the following additional relief: (1) that it be decreed that the property described in the deed of November 20, 1934, is the joint property of complainant, Ed Dorsey, and the respondent Eddie Mae Dorsey; (2) that it be decreed that complainant, Ed Dorsey, has a lien against the interest of the respondent Eddie Mae Dorsey on account of payment by Ed Dorsey for the use and benefit of Eddie Mae Dorsey of taxes, insurance premiums and costs of repairs; (3) that a reference be held to determine the extent of such lien; (4) that it be decreed that the property cannot be equitably partitioned or divided in kind and that the property be ordered sold for division and distribution of the proceeds between the joint owners, Ed Dorsey and

Eddie Mae Dorsey, and that in such distribution the complainant, Ed Dorsey, be given credit for the extent of his lien against the undivided one-half interest of Eddie Mae Dorsey; that it be decreed that complainant's solicitor is entitled to a reasonable solicitor's fee to be paid out of the proceeds of the sale of the property and that the same be taxed as part of the costs of the proceeding.

The testimony was taken partly by deposition and partly by oral examination of witnesses in open court before the trial court.

Upon submission for final decree, the trial court rendered a decree in pertinent parts as follows:

"It Is Ordered, Adjudged and Decreed that the purported marriage between Ed Dorsey and the respondent, Florrie Dorsey, be, and the same is hereby declared to be void from the beginning and no valid legal effect, and is completely vacated.

"It Is Further Ordered, Adjudged and Decreed that the deed from the complainant, Ed Dorsey, to Florrie Dorsey and Eddie Mae Dorsey, insofar as the one-half interest given by said Ed Dorsey to Florrie Dorsey, is hereby annulled, vacated, and declared to be of no force and effect, and that the deed of the remaining half interest of said property to Eddie Mae Dorsey is allowed to remain in full force and effect, and the full title to the property is invested one-half in the complainant, Ed Dorsey, and the other one-half in the respondent, Eddie Mae Dorsey, and that all rights, titles and interests which the respondent, Florrie Dorsey may assert or claim in and to said property are hereby annulled and declared to be of no valid force and effect.

"It Is Further Ordered, Adjudged and Decreed that the said property cannot be equitably divided among the joint owners without a sale thereof, and that the register of this court, pursuing its rules and the law as is made and provided, advertise said property for sale for such length of time as may be required and report his proceedings and the result of his conduct to this Court in the regular way.

* * * * * *

"It Is Further Ordered, Adjudged and Decreed that the costs of this proceeding be taxed in equal proportion against the complainant, Ed Dorsey, and the respondent, Florrie Dorsey, for the payment of which execution may issue.

"It Is Further Ordered, Adjudged and Decreed that the complainant is not entitled to have a lien declared on the property in his favor against the respondent, Eddie Mae Dorsey.

"All other matters are reserved by this Court and the cause is held for such future and further decrees as may be necessary."

It is clear that unless the trial court correctly decreed that the marriage of Ed and Florrie Dorsey was void, then the decree in so far as it divests Florrie of any interest in the property covered by the 1934 deed and orders a sale of the property for division is also erroneous.

Under the decisions of this court, one attacking the validity of a marriage does not meet the burden imposed on him by showing merely that the respondent was previously married. The burden is on one attacking the validity of a second marriage not only to establish the fact of the previous marriage, but that such previous marriage has not been dissolved by divorce or death.—Faggard v. Filopowich, 248 Ala. 182, 27 So.2d 10, and cases cited; Jordan v. Courtney, 248 Ala. 390, 27 So.2d 783; Whitman et al. v. Whitman et al., 253 Ala. 643, 46 So.2d 422.

We think the evidence in this case is sufficient to show the previous marriage of the respondent, Florrie Dorsey, to Ben Sawyer and that Ben Sawyer was living at the time Florrie and Ed went through a marriage ceremony. However, we are clear to the conclusion, after a careful consideration of the evidence in consultation, that the complainant failed to meet the burden which was upon him to show that the marriage of the respondent Florrie Dorsey and Ben Sawyer had not been dissolved by divorce. The only evidence in the record which bears on this issue is the testimony of the respondent herself and admissions made by her. Such evidence is not sufficient to justify a decree

of annulment of a marriage.—Freed v. Sallade, 245 Ala. 505, 17 So.2d 868.

The general rule is stated in 55 C. J.S., Marriage, § 58, p. 940 to be as follows: "An annulment cannot be had on the mere declarations or admissions of one of the parties to the marriage without corroborating evidence."

We are cognizant of the fact that New York cases cited in support of the above statement are based on a statutory provision of that state to the effect that annulment shall not be predicated upon the declaration or confession of either party to the marriage alone, but other satisfactory evidence of the facts must be produced. We have no such statute which is directly applicable to annulment proceedings. However, we do have a statutory provision to the effect that no divorce decree can be rendered on the confession of the parties or either of them.—§ 26, Title 34, Code 1940. But we think the interest of the public in annulment proceedings, as in those seeking divorce, is such that the court should not grant a decree of annulment on the mere admission or confession of the parties to the marriage.—Pittman v. Pittman, 246 Ala. 163, 19 So.2d 723.

The decree appealed from is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.

### On Rehearing.

LAWSON, Justice.

We have given careful consideration to brief filed by counsel for appellee on application for rehearing, wherein it is earnestly insisted that we erred in our original opinion in holding that the evidence was not sufficient to justify a decree of annulment. We adhere to our original opinion.

It is insisted that even in divorce cases the provisions of § 26, Title 34, Code 1940, prohibiting a divorce "on the confession of the parties, or either of them" does not apply where the case is actually contested or litigated. In support of this contention the following cases are cited: Dawson v. Dawson, 240 Ala. 258, 198 So. 622, 623; Lunsford v. Lunsford, 232 Ala. 368, 168 So. 138, 189; Lyall v. Lyall, 250 Ala. 635, 35 So.2d 550, 552. These cases simply do not support the position for which they are cited. In Dawson v. Dawson, supra, it was said: "Extra judicial confessions in a litigated case are now admissible, but *must be* corroborated by other proof." (Emphasis supplied.) To like effect is the holding in Lunsford v. Lunsford, supra: " * * * True, a divorce cannot be rendered on the confession of defendant, section 7413, Code, but when she is contesting the divorce, the statute does not exclude evidence of extra-judicial admissions in corroboration of other proof. * * * " And in Lyall v. Lyall, supra, we said, in part: " * * * The rule is that admissions of a plaintiff are competent evidence to defeat a divorce, while *admissions* of defendant are not alone sufficient to grant a divorce. * * * " (Emphasis supplied.)

It is insisted that our holding in the original opinion is in conflict with the case of Jordan v. Courtney, 248 Ala. 390, 27 So. 2d 783. There is nothing in the opinion in that case which is in any way at odds with the conclusion which we reached in this case. In Jordan v. Courtney we did render a judgment here annulling the marriage solely on admissions of the respondent, who did not testify. However, the opinion does not treat that question. Since the question was not treated, we do not consider the fact that such a judgment was rendered as being controlling here.

The application for rehearing is overruled.

All the Justices concur.