106 So.2d 260

Clara Vaughn SMITH

v.

Johnny Carl SMITH.

7 Div. 398.

Supreme Court of Alabama.

Nov. 6, 1958.

Scott, Dawson & Scott, Fort Payne, for appellant.

Loma B. Beaty, Fort Payne, for appellee.

GOODWYN, Justice.

This is an appeal by the respondent (wife) from a decree of the circuit court of DeKalb County, in equity, granting complainant (husband) a divorce on the ground that the wife was pregnant at the time of the parties' marriage, without the knowledge or agency of the husband. Code

1940, Tit. 34, § 21, authorizes a divorce on this ground.

The complaint alleges that "complainant and respondent are over the age of 21 years and are residents of DeKalb County, Alabama"; that they "were lawfully married in Trenton, Georgia, on the 10th day of August, 1957, and lived together until about the middle of February [sic], 1958, when * * * complainant learned that the respondent was pregnant at the time of the marriage"; that the parties "are without issue"; that "respondent was pregnant at the time of the marriage, without the knowledge or agency of the complainant."

The bill was filed on January 30, 1958. On the same day the respondent filed an answer and waiver of service "of subpoena on said bill, a copy of interrogatories filed in this cause, notice of filing them," and also waived "the 10 days allowed by law to cross them, the right to cross them," and consented "that the cause be submitted in vacation to the Judge for decree in vacation on note of testimony to be made by the register." The answer to the bill "denies each and every allegation therein, and demands strict proof of the same."

All of the testimony was taken by deposition before the register on January 30, 1958. It consists of the following:

*Testimony of complainant:*

"I took Clara [respondent] to the doctor this month and learned that she was pregnant and that a nine months baby would arrive about the 23rd of March, 1958. She said that the baby belonged to Rayford Brooks, that he took her home from church one night in June of 1957, and that is when it happened. I did not have relations with her before our marriage and had no knowledge of anyone else having sexual relations with her. I separated from her when I learned of this thing and never intend to live with her again."

*Testimony of Mrs. Floyd Smith, complainant's mother:*

"I went to the doctor with Clara everytime that she went and I asked the doctor about the baby and he told me in front of Clara that the baby would be here around the 23rd of March, 1958, and then on Monday, 27th day of January, 1958, she told me that the baby did not belong to Carl that it belonged to Rayford Brooks, and she said that she did not think that Carl should have to support the baby."

The decree appealed from was rendered on January 31, 1958. The appeal was taken on March 14, 1958, within the sixty days allowed. Code 1940, Tit. 7, § 789.

■ The question for decision is whether the evidence is sufficient to support the decree. We are constrained to hold that it is not.

■ It is apparent that complainant relies on his wife's extra-judicial admissions to prove her pregnancy before their marriage. While such admissions have been held to be admissible in divorce proceedings, they are not, standing alone and in the absence of other competent evidence, sufficient to support a divorce decree. Code 1940, Tit. 34, § 26; Lyall v. Lyall, 250 Ala. 635, 637, 35 So.2d 550; Dawson v. Dawson, 240 Ala. 258, 259, 198 So. 622; Lunsford v. Lunsford, 232 Ala. 368, 370, 168 So. 188; King v. King, 28 Ala. 315, 318–319. Cf. Dorsey v. Dorsey, 256 Ala. 137, 139–140, 53 So.2d 601. Section 26, Tit. 34, supra, "simply means that there must be evidence of the existence of a ground of divorce other than evidence of the admissions of the respondent-spouse." McElroy, The Law of Evidence in Alabama, § 303, p. 145.

■ The statutory ground relied on for divorce is the wife's *pregnancy* at the time of marriage *without the husband's knowledge or agency*. Code 1940, Tit. 34, § 21, supra. Thus, two distinct elements

of proof are required. First there must be proof that the wife was pregnant at the time of marriage; second, that her pregnancy was without the knowledge or agency of the husband. The husband's testimony is competent proof bearing on the second element only. But, obviously, his testimony that he had no sexual relations with appellant prior to their marriage is not alone sufficient to authorize a divorce under § 21, Tit.' 34, supra. There must be competent evidence of the wife's pregnancy at the time of marriage. The husband's testimony here is not competent proof of that element and cannot, therefore, furnish a basis for admissibility of the wife's extra-judicial statement that she was pregnant when they married. Here, there is no competent proof of such pregnancy. In the absence of such proof there is no evidence which the wife's extra-judicial admissions could corroborate, that is, strengthen. Such admissions cannot alone supply the required proof of the essential element of pregnancy at the time of marriage. Corroborating evidence is "evidence supplementary to that already given and tending to strengthen or confirm it; additional evidence of a different character to the same point." Black's Law Dictionary, 4th Ed., p. 414. The husband's testimony is not that his wife was pregnant at the time of marriage (assuming that he is qualified to so testify) but only that he had no pre-marital sexual relations with her and had no knowledge of anyone else having such relations with her. All the evidence as to pregnancy is hearsay and, hence, is not competent proof of that element. See Act No. 101, appvd. June 8, 1943, Gen. Acts 1943 p. 105; Code 1940 Tit. 7, § 372(1), 1955 Cum. Pocket Part, p. 81.

 The burden is on complainant to prove, by competent evidence, the charge relied on for a divorce. It may well be, as stated in his brief that this cause was handled "in such a manner as to bring the least amount of embarrassment" to respond-

ent. That is understandable and commendable. But, in so handling it, there still must be adequate proof of the charge made the basis for the divorce.

We do not think there is competent proof of the wife's pregnancy at the time of marriage. Accordingly, the decree appealed from is due to be reversed and the cause remanded. So ordered.

Reversed and remanded.

All the Justices concur.