193 So.2d 748

Joyce **FOWLER**

v.

James Harvey **FOWLER**.

8 Div. 192.

Supreme Court of Alabama.

Dec. 8, 1966.

Rehearing Denied Jan. 26, 1967.

Ben L. Britnell, Decatur, for appellant.

LeRoy McEntire, Jr., and Chas. L. Murphree, Decatur, for appellee.

PER CURIAM.

Mrs. Joyce Fowler, complainant and cross-respondent in the lower court, appeals from a final decree of the circuit court of Morgan County, in equity, wherein the appellee, on his cross-complaint, was granted a decree of divorce a vinculo matrimonii from appellant on the grounds charged in his complaint that appellant was guilty of adultery and statutory cruelty; and, also, appellee was awarded custody of two infant boys born to the union of the parties. Appellant was given rights of visitation at intervals.

Appellant here complains by appropriate assignments of error, all argued, that the trial court erred separately and severally in granting the divorce on the two grounds charged in the cross-complaint; and, also, in awarding custody of the two minor children to appellee.

The parties jointly owned some real property which was adjusted and distributed. No complaint is here made that this adjustment and distribution were in error.

The record in this case contains 476 pages of testimony that was taken ore tenus be-

fore the trial court. Counsel for appellant in his brief narrated the testimony of each witness in accordance with Rule 9 of the Supreme Court of Alabama, 261 Ala. XIX, XXII, Code 1940, Tit. 7, 1955 Cum. Pocket Part, p. 222; Recompiled Code 1958 (unofficial), Tit. 7, Appendix. This narration contains 193 pages and is full and complete with the exception of a few minor omissions that appellee's counsel calls to the attention of this court.

We have very carefully and painstakingly reviewed the evidence to the end that we might determine therefrom if the trial court committed error in decreeing appellee a divorce on the grounds of adultery and cruelty as charged in the assignments of error. Appellant here asserts that the decree on such grounds was palpably wrong and contrary to the great preponderance of the evidence. We have also reviewed to determine if the custodial award of the two infant boys to appellee was free from error.

The statute (Tit. 13, § 66, Code of 1940) does not require us to discuss and set out in this opinion the testimony which leads us to our conclusion. In this case it would serve no useful purpose and would be unwise for us to do so. Both parties are young, with life before them. The children are to be considered. Changes occur in the lives of our young people that lead to reconciliation and remarriage to each other. Moor v. Moor, 211 Ala. 56, 99 So. 316(8); Crittenden v. Crittenden, 256 Ala. 219, 54 So.2d 489(2).

While appellant filed proceedings against appellee for a divorce on the ground of statutory cruelty, appellee filed a crosscomplaint against appellant for divorce on the grounds of adultery and cruelty. Each offered evidence in support of their respective complaints.

Although we entertain some doubts that the evidence is sufficient to sustain the decree of divorce granted appellee on the ground of adultery, we think it unnecessary for us to express an opinion on this facet of relief, or to write thereto, inasmuch as the decree is also bottomed on the charge that appellant was guilty of cruelty on the person of appellee. This ground is sufficient without more to sustain the decree.

The evidence delineates acts of statutory cruelty committed by each of the parties on the other; there was evidence of mutual acts of belligerence. The trial court heard the evidence ore tenus as to the parties' contentions and was in much better position than we to assess the truthfulness of these mutual accusations and "to separate the wheat from the chaff." Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788(1); Hilley v. Hilley, 275 Ala. 617, 157 So.2d 215(6).

The accusations and evidence of the parties against each other as to acts of cruelty and the respective denials presented factual issues for resolution and determination by the trial judge. Granting the husband's prayer for divorce on the cruelty charge against the wife indicates that he believed the husband's evidence and disbelieved the wife's evidence that her husband was guilty of cruelty as charged. Thus the factual issue of recrimination was resolved in favor of the husband. Dawson v. Dawson, 240 Ala. 258, 198 So. 622(4).

We neither modify nor disturb the custodial award of the infant boys to their father with rights of visitation on the part of the mother. It would not advance this cause to delineate in whole or in part the many accusations in the evidence that have a bearing on the custody of the children. The accusations, if true, render the mother an unfit person at this time to have the custody of these boys. The trial court heard the evidence touching all the charges of unfitness of the parties to this suit. The trial judge was in a better position than this court to determine which of the conflicting evidence is true or untrue. We are sure that in awarding custody the trial court acted for the best interests and welfare of the children involved. This is the

paramount consideration when custody of children is an issue. Alexander v. Davis, 261 Ala. 654, 75 So.2d 614(1).

It is our opinion that the decree granting the divorce should be, and it is, affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.