This case involves post-divorce litigation as to periodic alimony.
In September 1980, the husband filed his motion to modify an alimony award of $50 per week to the wife as ordered by a January 1980 divorce judgment. He sought to remove therefrom his obligation to pay any alimony to her. The return of service indicated that the wife was personally served on February 3, 1981, with an alias notice of the hearing. The wife did not attend that trial, either in person or by her attorney, and the judgment of April 29, 1981 ensued. It struck from the divorce judgment the periodic alimony provisions contained therein.
The wife filed her Rule 60 (b) motion on June 22, 1981, to set aside the April 1981 judgment upon the ground that she was not served with any notice concerning the husband's motion, and she alleged that such lack of service was the reason that she was *Page 597 
not present when the husband's modification motion was heard. In August 1981, the trial court, after an ore tenus evidentiary hearing, set aside its April 29, 1981, judgment and rescheduled the husband's alimony modification motion for a trial upon its merits. The end result was a judgment of April 19, 1982, which denied the husband's motion for the termination of alimony upon its merits and which rendered a judgment against the husband for $5,200 for alimony arrearage.
The husband duly appealed from the April 19, 1982, judgment but raises as the sole issue in this court the propriety of the August 1981 judgment which, in substance, granted the wife's 60 (b) motion thereby setting aside the April 29, 1981, judgment of the court. Accordingly, only evidence which pertains to that action of the trial court will be herein discussed.
Mr. Peele, who made the return as to service of process upon the wife, testified that he was a self-employed process server for the court in February 1981. He stated that, since he had experienced problems in locating her, he remembered serving her in the foyer of a restaurant near the cash register. He stated that he was ninety-eight percent certain that the wife was the person whom he had served.
On the other hand, the wife testified that, while she worked at that particular restaurant in February 1981, she had never seen Mr. Peele, that she was never served with any papers and that there was no cash register in that restaurant except in the kitchen, none being located in the foyer.
The balance of her testimony was not disputed by evidence. She swore that in December 1980 she informed the husband's attorney where she could be located for the service of process upon her and that she did not inform him until in June 1981 that she was employed at that particular restaurant. Until that time in June, the attorney considered that she was a waitress at an entirely different restaurant. She further testified that on December 16, 1980, she inquired in the clerk's office about the collection of past-due alimony and that she was then informed by the clerk that a hearing was scheduled to be held in her case on the following day. She reemployed her attorney in the case, who instructed her not to attend that hearing since she had not been served. Her attorney attended court on her behalf on December 17, 1980; however no hearing was then held. He informed her that nothing had been filed in her case.
Mr. Peele's partner also testified. He substantiated Mr. Peele's evidence except that he corroborated the wife by stating that no cash register was located in the restaurant's foyer.
The trial court granted the wife's 60 (b) motion. Upon the rendition of a final judgment following a trial upon the merits, the husband appealed from that final judgment, but, as previously noted, raises as the sole issue the prior action of the trial court of August 1981 in granting the wife's motion. That constitutes correct appellate procedure and the issue of the propriety of the granting of the wife's 60 (b) motion is properly before us. Nunn v. Stone, 356 So.2d 1212, n. 2, 1214 (Ala.Civ.App. 1978).
We have been provided with an excellent brief by learned counsel for the husband. No brief has been here filed on the wife's behalf.
A sheriff's return is presumed to be correct and, in order to overcome that presumption, the party contesting the return has the burden of proving a lack of service upon him by clear and convincing evidence. AAA Sewing Machine Co. v. Shelby FinanceCo., 384 So.2d 126 (Ala.Civ.App. 1980); Speegle v. The CitizensBank, 346 So.2d 455 (Ala.Civ.App. 1977); Modernage Homes v.Wooldridge, 55 Ala. App. 68, 313 So.2d 190 (1975). It is assumed, but not decided, that the presumption and the rules governing a sheriff's return are likewise applicable to a return of service made by an individual "who has been designated by order of the court to make service of process" under rule 4.1 (b)(2). No issue was raised as to that matter either in the circuit court or on appeal. *Page 598 
A party's uncorroborated statement denying service upon him is not adequate proof to authorize the invalidation of a sheriff's return. Raine v. First Western Bank, 362 So.2d 846
(Ala. 1978). Stated differently, the burden of proof to overcome the presumption of the correctness of a sheriff's return is not met by a bare denial of service by a contesting party, but it is required that additional evidence be presented to strengthen or confirm such a denial before the required burden is met. Such is the definition of "corroborating evidence." Smith v. Smith, 268 Ala. 348, 106 So.2d 260 (1958). Here, the evidence of the wife, to wit, her detailed testimony concerning the "service" and the other testimony as noted above was, if believed, sufficient to corroborate her disclaimer of the service of any process upon her.
Thus, the question before the trial court was one which involved an adequately presented, but disputed, question of fact. The circuit court heard the evidence. Its ruling is presumed to be correct on appeal and cannot be here disturbed if it was supported by credible evidence and was not palpably wrong. AAA Sewing Machine Co. v. Shelby Finance Co., supra;Speegle v. The Citizens Bank, supra; Modernage Homes v.Wooldridge, supra.
 "A determination as to the weight to be given testimony presented to a trial court while that court is sitting as a trier of fact is fully within the discretion of the court since one of the primary functions of a trier of fact is to weigh the evidence before it and reach its conclusions according to the weight given to each portion of evidence presented."
Stewart v. Stewart, 354 So.2d 816, 821 (Ala.Civ.App. 1977),cert. denied, 354 So.2d 822 (Ala. 1978).
The trial court had a determination to make as to the weight to be given to partially conflicting testimony, and it did not abuse its discretion in that regard. There was supportive evidence of the August 1981 judgment of the trial court, and that decision was not palpably wrong. We are required to affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.