TORBERT, Chief Justice.
The plaintiff, Carol Bearden, appeals from the circuit court’s dismissal of her action for a declaratory judgment. The dismissal was based upon a finding by the circuit court that it lacked personal jurisdiction over the defendants.
In June or July of 1983, W. Charles McMinn III, a resident of Pennsylvania, purchased a Cadillac automobile in that state. At that time, the plaintiff, a resident of Alabama, was present in Pennsylvania for the purpose of visiting her mother; and she acquired possession of the automobile from McMinn. The plaintiff later drove the automobile back to her residence in Jefferson County, Alabama, where she has been in continuous possession of it since.
In October 1984, Mr. McMinn died in Pennsylvania. Proceedings were begun in Pennsylvania to probate his estate. Sometime thereafter, counsel for McMinn’s estate demanded that the plaintiff return the automobile to the estate. However, the plaintiff refused, contending that the automobile had been given to her in 1983 by Mr. McMinn as an absolute gift. The es-. tate contends that Mr. McMinn never relinquished title of the automobile, and, therefore, that the automobile is the property of the estate. ■
On August 16, 1985, the plaintiff filed this declaratory judgment action in Jefferson County Circuit Court against the estate of W. Charles McMinn III, and against certain fictitious parties, those being the executors of McMinn’s estate and any persons claiming an interest in the automobile. (Subsequently, the names of the three co-executors were substituted for the fictitious parties.) The complaint sought a declaration of the ownership rights of the respective parties in regard to the automobile, and also sought an injunction to prevent the defendants from taking possession of the automobile.
On September 17, 1985, the defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(2), A.R.Civ.P. The motion alleged that neither Mr. McMinn, his estate, nor the executors of his estate had “sufficient minimal contacts with the State of Alabama” to give an Alabama court jurisdiction over them. An affidavit of Jeffery G. Sweigart, who was a personal friend and a business associate of McMinn, was also filed in circuit court to support the defendants’ allegations in their motion to dismiss.
On January 24,1986, the defendants’ motion to dismiss was granted because the circuit court found that it lacked jurisdiction over the defendants. The plaintiff appeals from the judgment of dismissal.
The plaintiff contends that Code 1975, § 12-11-33, vests the circuit court with jurisdiction over this case. This statute reads:
“Circuit courts, when exercising equitable jurisdiction, must take cognizance of the following cases:
[[Image here]]
“(2) Against nonresidents, when the object of the action concerns ... any interest in, title to, or incumbrance on personal property within this state_”
The plaintiff argues that this statute conclusively grants in rem jurisdiction to a circuit court over a case which involves a chattel located within the boundaries of the *61 State of Alabama, even though the defendants are not personally subject to the jurisdiction of the court. The plaintiff concedes in her brief that “[t]he Defendants never transacted any business in Alabama, never committed any tort within Alabama, never owned or possessed any real property within Alabama, and never lived in Alabama.” The dispositive issue is whether the circuit court obtained jurisdiction over the defendants solely because he may have or claims to have an ownership interest in some item of personal property that is located within the boundaries of this state. We must answer this question in the negative, and we affirm the trial court’s judgment.
Historically, personal jurisdiction of state courts was governed by the principle of “territoriality”; so that state courts were deemed to have jurisdiction over all persons or property within the territorial limits of the state. See, Pennoyer v. Neff, 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1877). However, in 1945, the United States Supreme Court replaced the “territoriality” principle with a “minimum contacts” standard. See, International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). International Shoe Co. held that in order to subject a nonresident defendant to the jurisdiction of the forum state court, the nonresident defendant must be shown to have “certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.’ ” International Shoe Co., 326 U.S. at 316, 66 S.Ct. at 158.
Nevertheless, because International Shoe Co. involved in personam jurisdiction, the minimum contacts standard was not applied to cases involving in rem or quasi in rem jurisdiction until the case of Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). In Shaffer, the Supreme Court expressly extended the minimum contacts standard of International Shoe Co. to in rem and quasi in rem actions. See, Knowles, New Test for State In Rem and Quasi In Rem Jurisdiction, 38 Ala. Lawyer 483 (1977).
Shaffer involved a quasi in rem action in which a Delaware state court had assumed jurisdiction over the defendant on the sole basis that some shares of the defendant’s corporate stock were located within the state. The United States Supreme Court reversed, holding that jurisdiction over nonresident defendants is absent unless sufficient minimum contacts are present, whether the action is in per-sonam, in rem, or quasi in rem. As to in rem jurisdiction, the Court explained as follows:
“The case for applying to jurisdiction in rem the same test of ‘fair play and substantial justice’ as governs assertions of jurisdiction in personam is simple and straightforward. It is premised on recognition that ‘[t]he phrase, “judicial jurisdiction over a thing,” is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing.’ [Citation omitted.] This recognition leads to the conclusion that in order to justify an exercise of jurisdiction in rem, the basis for jurisdiction must be sufficient to justify exercising ‘jurisdiction over the interests of persons in a thing.’ The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in International Shoe.”
Shaffer, 433 U.S. at 207, 97 S.Ct. at 2581. The Court concluded that “all assertions of state-court jurisdiction must be evaluated according to the standards set forth in International Shoe and its progeny.” Shaffer, 433 U.S. at 212, 97 S.Ct. at 2583.
The effect of Shaffer is best explained as follows:
“Accordingly, it is no longer a sufficient basis for the assertion of jurisdiction merely that the property is located within the state and is thereby physically subject to the power of the court. To the extent that the landmark case of Pennoyer v. Neff [95 U.S. (5 Otto) 714, 24 L.Ed.2d 565] can be read to authorize the assertion of jurisdiction solely by reason *62 of the presence of property within the forum state, that case was overruled in Shaffer. Every case must now be tested by the minimum contacts doctrine of International Shoe whether the jurisdiction asserted is characterized, as in per-sonam, in rem, or quasi in rem.”
2 J. Moore, Moore’s Federal Practice ¶[ 4.41-1[4] (2d ed. 1986). Since Shaffer, it is clear that in all cases “a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist ‘minimum contacts’ between the defendant and the forum State.” World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). See also, Rush v. Savchuk, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980); Semo Aviation, Inc. v. Southeastern Airways Corp., 360 So.2d 936, 939-40 (Ala.1978).
We note that Code 1975, § 12-11-33, does not expressly require “minimum contacts” for jurisdiction over a nonresident defendant. This statute first appeared in Alabama law in 1852, well before the mandates of International Shoe Co. and Shaffer, and it has not been cited in a published opinion since the 1946 case of Jordan v. Courtney, 248 Ala. 390, 27 So.2d 783 (1946). In accordance with the constitutional requirement of International Shoe Co. and Shaffer, we construe § 12-11-33 to require “sufficient minimum contacts” between a defendant and the state of Alabama before jurisdiction may be conferred by that statute over an out-of-state defendant’s claim to property located in this state.
In this case, the plaintiff does not argue that the defendants have “sufficient minimum contacts” with the state of Alabama, nor do we find such contacts. The property that is the object of the dispute was brought to Alabama solely by the plaintiff. Mere “foreseeability” by a defendant that this may happen does not establish the “minimum contacts” required to confer jurisdiction. World-Wide Volkswagen Corp., 444 U.S. at 295-97, 100 S.Ct. at 566-67. It is uncontradicted that the automobile was purchased in Pennsylvania, its title was registered in McMinn’s name in Pennsylvania, its title certificate has remained registered in Pennsylvania, and the disputed transaction in which the plaintiff acquired possession of the automobile took place in Pennsylvania. Similarly, the sale of an automobile by one in a foreign state to a resident of the forum state, even when the foreign state’s seller knew the purchaser would take the automobile to the forum state, has often been held insufficient to constitute the required minimum contacts. See, Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1171-72 (5th Cir.1985), and citations therein. A state does not gain jurisdiction over a nonresident defendant simply because the plaintiff brings into that state property in which the nonresident defendant has, or claims, an interest and then brings suit to determine its ownership.
Consequently, we cannot find that the defendants, by their conduct, could have “reasonably anticipate[d] being haled into an Alabama court,” Alabama Waterproofing Co. v. Hanby, 431 So.2d 141, 146 (Ala.1983), nor that the defendants “purposefully availed themselves of the privilege of conducting activities” within Alabama. Shaffer, 433 U.S. at 216, 97 S.Ct. at 2586. Furthermore, we believe that the numerous defendants would be caused a “substantial inconvenience” if required to defend this lawsuit in Alabama. See, Cagle v. Lawson, 445 So.2d 564, 566 (Ala.1984). Therefore, we must hold that the defendants do not possess those “certain minimum contacts with [Alabama] such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ” International Shoe Co., 326 U.S. at 316, 66 S.Ct. at 158. Consequently, we affirm the trial court’s judgment dismissing this action.
AFFIRMED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.