L. CHARLES WRIGHT, Retired Appellate Judge.
Alleging the existence of a common-law marriage, Elizabeth Lowe Grove filed a complaint for divorce against Christopher Grove in November 1980. The cause was set for a hearing in January 1981. The husband did not appear. The court entered a default judgment. The final decree of divorce was entered in February 1981. The decree provided, among other things, that the husband pay $30 per week as child support for the parties’ two minor children.
In August 1990 the wife filed a “Motion to Increase Child Support, Motion to Amend Decree, and Motion for Rule Nisi.” The husband responded with a “Motion to Set Aside Judgment,” claiming that he had not been served with the original summons and complaint and that he was unaware of the 1981 divorce proceeding.
Following a hearing, the court entered an order denying the husband’s request for relief. The court entered a judgment against the husband for arrearage due and increased the child support payments. The husband appeals.
The sole issue presented for our review is whether the trial court erred in refusing to set aside the original decree for lack of service on the husband.
*112 The husband testified that he was never served with the 1981 summons and complaint and that he did not have any knowledge of the 1981 divorce until he was served with the wife’s 1990 motion. In a corroborative effort he testified that at the time of the divorce he resided with his uncle at a different address than that shown on the final decree. He suggests, in brief, that “[a]pparently the papers were served at the wrong address.”
The record indicates that the husband was personally served on three occasions by the deputy sheriff. This is evidenced by the sheriffs returns.
The sheriffs return is prima facie evidence of the fact of personal service of process. The party challenging it carries the burden of establishing lack of service by clear and convincing proof. Merriman v. Merriman, 431 So.2d 1283 (Ala.Civ.App.1983). In meeting this burden, the party may not show the impropriety of service by his testimony alone, but must present some corroborating evidence that service has not been properly made. Merriman.
The husband has not met the burden of attacking the presumption of correctness attached to the sheriffs returns. The only evidence tending to favor his position was his own uncorroborated testimony. Based on the evidence, the trial court was free to conclude that service was made on the husband. Nolan v. Nolan, 429 So.2d 596 (Ala.Civ.App.1982).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.